UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

           Petitioner,

    v.

R. RONALD,

           Respondent.

No.  2:17-cv-01196 KJM CKD P

<u>FINDINGS AND RECOMMENDATIONS</u>

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the petition on the basis that the only claim for relief is not cognizable.  For the reasons that follow, the undersigned recommends granting respondent's motion to dismiss.

**I.     Factual and Procedural History**

Petitioner is currently an inmate at Folsom State Prison in Represa, California as a result of a conviction for Second Degree Murder sustained in the Los Angeles County Superior Court in 1981.  He was sentenced to 15 years to life in prison.  ECF No. 1 at 1.  Since petitioner was twenty-three years old or younger at the time he committed the life offense, he is eligible for a Youthful Offender Parole Hearing under California law.  <u>See</u> ECF No. 1 at 37-38 (addressing the youthful offender risk factors as part of 2016 CRA by the Board of Parole Hearings); <u>see also</u> Cal. Penal Code § 3051 (2016), <u>amended by</u> A.B. 1308, § 1, eff. Jan. 1, 2018 (establishing the

criteria the Board of Parole Hearings shall use during youth offender parole hearings).[1]

On June 8, 2017, petitioner filed the instant federal habeas petition challenging an August 5, 2016 Comprehensive Risk Assessment[2] on the grounds that it is not supported by sufficient evidence thereby violating due process. ECF No. 1 at 22. Petitioner contends that this CRA contained 5 recognized errors out of 32 total errors and did not correctly determine petitioner's suitability for parole release. Id. By way of relief, petitioner requests that the BPH be ordered not to utilize the CRA for any purpose and that it be removed from petitioner's prison records. Id.

## II.    Motion to Dismiss

In a motion to dismiss filed on September 8, 2017, respondent asserts that petitioner's only claim for relief is not cognizable in the pending federal habeas action because it does "not necessarily affect the fact or duration of his confinement." ECF No. 14 at 2 (citing Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). Furthermore, petitioner's allegations do not rise to the level of a cognizable constitutional claim for relief because the asserted errors in the CRA only violate state law or parole regulations. ECF No. 14 at 2-3 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 1991)). Respondent asserts that mere errors in state law are not sufficient to establish a federal due process violation. ECF No. 14 at 3 (citing Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982)).

Petitioner filed an opposition to the motion to dismiss on September 25, 2017 in which he contends that he had a due process right to have the CRA ten days before his 2016 parole suitability hearing and that the parole board violated his federal right to due process by considering information that was not accurate and reliable. ECF No. 15 at 4. Petitioner likens the CRA to a pre-sentence report and then cites California law and Lockett v. Ohio, 438 U.S. 586 (1978), for the proposition that sentencing reports are required to be based on accurate and reliable information. ECF No. 15 at 4. Petitioner further argues that he has a federal procedural due process right to not only object to factual errors in the CRA, but to receive a timely response

---

[1] The court will refer to the Board of Parole Hearings hereinafter as the "BPH."
[2] For ease of reference, the court shall refer to this as the "CRA."

to such objections as required by a class action settlement agreement in <u>Johnson v. Shaffer</u>, 2:12-cv-1059 KJM AC P, 2016 WL 3027744, at *3 (E.D. Cal. May 27, 2016).

By way of reply to petitioner's opposition, respondent contends that petitioner's claim is barred by <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011) (per curiam).  Furthermore, any claim for relief based on the settlement agreement in Johnson fails under the AEDPA because "there is no clearly established Supreme Court authority holding that California inmates have a due process right to the appeal procedures by which inmates may raise challenges to alleged factual errors in comprehensive risk assessments."  ECF No. 16 at 2-3.

### III.    Analysis

Every right deserves a remedy.[3]  However, petitioner's remedy for the alleged errors in his 2016 CRA is not a petition for writ of habeas corpus.  The federal habeas corpus statute provides a remedy for violations "of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief is not available for violations of state law that do not implicate federal Constitutional guarantees.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990)).  Here, petitioner attempts to cast his claim of factual errors in his CRA as a federal due process violation.  <u>See</u> ECF No. 1 at 22.  However, as the Supreme Court has explained, "it is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" in the parole context.  <u>Swarthout v. Cooke</u>, 562 U.S. 216, 221 (2011) (per curiam).  Accordingly, this court lacks jurisdiction to review petitioner's claim for relief.  <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 121 n. 21 (1982)).

Petitioner's attempt to tether his claim to the requirement of an individualized sentencing determination likewise fails to establish habeas jurisdiction in this case.  The Eighth

---

[3] <u>See</u> 3 W. Blackstone, Commentaries 23 (1783) (explaining the "general and indisputable rule, that where there is a legal right, there is also a legal remedy, by suit or action at law, whenever that right is invaded."); <u>see</u> <u>also</u> <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60 (1992) (discussing the long line of cases that have found an implied cause of action to enforce federal statutory schemes); <u>Marbury v. Madison</u>, 5 U.S. (1 Cranch 137, 163 (1803)); <u>Ashby v. White</u>, 1 Salk. 19, 21, *67 87 Eng.Rep. 808, 816 (Q.B.1702) ("If a statute gives a right, the common law will give a remedy to maintain that right ...").

Amendment's requirement of considering "the character and record of the individual offender and the circumstances of the particular offense" is only constitutionally mandated in capital cases. See Lockett v. Ohio, 438 U.S. 586, 604-05 (1978) (explaining that "in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Therefore, petitioner fails to raise any constitutional challenge to the contents of his CRA that would establish habeas jurisdiction.

Additionally, federal habeas relief is unavailable in this case because the remedy which petitioner seeks will not lead to his speedier release from custody. See ECF No. 1 at 22. Correction of the alleged errors in the CRA or its removal from petitioner's central prison file will not necessarily lead the BPH to deem petitioner suitable for parole and therefore eligible for early release. See Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (affirming the dismissal of a habeas corpus petition based on lack of jurisdiction where the expungement of a disciplinary violation was not likely to accelerate petitioner's eligibility for parole). Therefore, his claim does not fall within the core of habeas corpus and "must be brought, 'if at all,' under [42 U.S.C.] § 1983." Nettles, 830 F.3d at 934 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)).

This conclusion is confirmed by the class action lawsuit in Johnson v. Shaffer, No. 2:12-cv-1059 KJM AC P (E.D. Cal.), brought pursuant to 42 U.S.C. § 1983 which directly addresses the claim raised in petitioner's habeas corpus application. The procedure for objecting to factual errors in a CRA was addressed by the Johnson court as part of its settlement agreement fairness hearing conducted on December 29, 2015. See Johnson, No. 2:12-cv-1059 KJM AC P, 2016 WL 3027744, at *3 (E.D. Cal. May 27, 2016). As part of the settlement agreement approved by the court, every class member will receive a new CRA every 3 years prepared in advance of parole hearings scheduled on or after June 1, 2016. Id. at * 2. The BPH was required to enact regulations establishing a procedure for inmates to object to factual errors in their CRA and a written response to be received prior to their parole consideration hearing. Id. at *3. In fact, the BPH's lack of compliance with this issue led the Johnson court to extend its jurisdiction and continue to supervise implementation of the settlement agreement through October 6, 2018 or "the date on which full compliance is achieved, whichever is sooner." Johnson, 2:12-cv-1059

4

KJM AC P, 2017 WL 4475915, at * 11 (E.D. Cal. Oct. 6, 2017).  Therefore, the Johnson class action is the appropriate legal remedy for addressing the alleged errors in petitioner's CRA, and not the present habeas corpus petition.

## IV.    Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

Habeas corpus relief is not available for the challenge to petitioner's 2016 Comprehensive Risk Assessment because it does not violate any provision of the federal Constitution.  Additionally, the court concluded that the relief petitioner is seeking would not lead to his speedier release from custody which is the purpose of the writ of habeas corpus.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Respondent's motion to dismiss, ECF No. 14, be granted; and,

2.   Petitioner's application for a writ of habeas corpus be dismissed with prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

/////

/////

/////

5

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/Rhod1196.mtd.docx